IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY GILFAND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 2566 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| SGT. JEFFREY PLANEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO, KINGSLEY, CARLYON, COLLINS, MAYOSKI, PINA, ENRIQUEZ, HOWE, LUPO, AND MORABITO'S LOCAL RULE 56.1(a)(3) STATEMENT OF UNDISPUTED FACTS**

Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and defendants Kingsley, Carlyon, Collins, Mayoski, Pina, Enriquez, Howe, Lupo, and Morabito by their attorney, Jordan A. Marsh, Special Litigation Counsel, submit this Statement of Uncontested Facts pursuant to Local Rules 56.1(a)(1) and (3) of the United States District Court for the Northern District of Illinois, Eastern Division:

1. This court has jurisdiction over the federal claims brought in this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 (2009) ("Section 1983"). **Plaintiffs' Second Amended Complaint (Exh. A) ¶ 1.** This court has jurisdiction over the state law claims brought in this action pursuant to 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391(b). **Id. ¶ 2.**

3. All plaintiffs and all individual defendants reside in this judicial district. **Id. ¶ 3**; **City of Chicago's Answer to Second Amended Complaint (Exh. B) ¶ 4**.

4. On December 15, 2006, all individual defendants were employed by the City of Chicago as sworn police officers. **Id.**

5. In their Second Amended Complaint plaintiffs Barry Gilfand, Aaron Gilfand, Adam Mastrucci, and Scott Lowrance have alleged section 1983 claims against Sergeant Jeffery Planey and Officers Gregory Barnes, Demetrios Kereakes, Vincent Matthews, Matias Padilla, Paul Powers, and Erika Woosley (the "off-duty officers"); Sergeant Dale Kingsley, Officers Kenneth Carlyon, Frederick Collins, Nicole Mayoski, Ana Pina, Jesus Enriquez, and Michael Howe, and Probationary Officers Donald Lupo and Gregory Morabito (the "on-duty officers"); and the City of Chicago. Specifically, they have brought claims of excessive force against Planey, Barnes, Kereakes, Matthews, Padilla, and Powers (Count I); claims of failure to intervene against all individual defendants; and claims of municipal liability against the City of Chicago. *See generally* **Plaintiffs' Second Amended Complaint (Exh. A)**.

6. In their Second Amended Complaint plaintiffs also have alleged Illinois state tort claims. Specifically, they have brought claims of battery (Count III) and assault (Count IV) against Planey, Barnes, Kereakes, Matthews, Padilla, and Powers; a claim of conversion (Count V) against Planey; and claims of *respondeat superior* (Count VI) and indemnification (Count VII) against the City of Chicago. *See generally* **id.**

7. During the early morning hours of December 15, 2006, the off-duty officers were patrons of the Jefferson Tap and Grille, located at 325 North Jefferson Street in Chicago, Illinois. **Transcript of Proceedings in** *People of the State of Illinois v. Jeffery Planey, et al.* **(07 CR 12286), dated March 31, 2009 (Exh. C) at 36-40 (testimony of Jeffery Planey).**

8. During the early morning hours of December 15, 2006, plaintiffs were patrons of the Jefferson Tap and Grille. **Plaintiffs' Second Amended Complaint (Exh. A) ¶ 6.**

9. The Jefferson Tap and Grille is a public facility. Access to this facility is not restricted to police officers, and police officers do not have special access to this facility. **Affidavits of Paul Powers, Gregory Barnes, Jeffery Planey, Demetrios Kereakes, Vincent Matthews, Erika Woosley, and Matias Padilla (Group Exh. D) ¶ 7.**

10. At some time between 3:30 a.m. and 4:00 a.m. on December 15, 2006, there was a physical altercation between plaintiffs and defendants Planey, Barnes, Kereakes, Matthews, Padilla, and Powers at the Jefferson Tap and Grille. **Plaintiffs' Second Amended Complaint (Exh. A) ¶¶ 6-11; Affidavits of Powers, Barnes, Planey, Kereakes, Matthews, Woosley, and Padilla (Group Exh. D) ¶ 4**.

11. During their encounter with plaintiffs on December 15, 2006, defendants Planey, Barnes, Kereakes, Matthews, Padilla, Powers, and Woosley were off-duty, and not assigned to work as Chicago police officers. **Affidavits of Powers, Barnes, Planey, Kereakes, Matthews, Woosley, and Padilla (Group Exh. D) Id. ¶ 5**.

12. During their encounter with plaintiffs on December 15, 2006, the off-duty officers were not wearing their police uniforms. **Id. ¶ 6; Transcript of Deposition of Barry Gilfand, dated February 23, 2009 (Exh. E) at 162 (referring to Planey), 183 (referring to Powers), 381 (referring to Barnes); Transcript of Deposition of Aaron Gilfand, dated March 6, 2009 (Exh. F) at 103 (referring to Barnes)**.

13. During their encounter with plaintiffs on December 15, 2006, the off-duty officers were not wearing their official Chicago Police Department badges. **Affidavits of Powers,**

**Barnes, Planey, Kereakes, Matthews, Woosley, and Padilla (Group Exh. D) ¶ 9**; **Transcript of Deposition of Demetrios Kereakes, dated February 13, 2008 (Exh. G) at 131-32.**

14. During their encounter with plaintiffs on December 15, 2006, the off-duty officers did not identify themselves as Chicago police officers. **Affidavits of Powers, Barnes, Planey, Kereakes, Matthews, Woosley, and Padilla (Group Exh. D) ¶ 8**; **Transcript of Deposition of Demetrios Kereakes, dated February 13, 2008 (Exh. G) at 128, 131**; **Transcript of Deposition of Erika Woosley, dated February 13, 2009 (Exh. H) at 151-52**; **Transcript of Deposition of Mattias Padilla, dated February 13, 2008 (Exh. I) at 106-07.**

15. During their encounter with plaintiffs on December 15, 2006, the off-duty officers did not display their guns. **Affidavits of Powers, Barnes, Planey, Kereakes, Matthews, Woosley, and Padilla (Group Exh. D) ¶ 10.**

16. During their encounter with plaintiffs on December 15, 2006, the off-duty officers did not exercise or perform any powers and duties of a Chicago police officer. **Id. ¶ 11; Transcript of Deposition of Scott Lowrance, dated September 5, 2008 (Exh. J) at 223, 225**.

17. During the time inside the bar when plaintiffs allegedly were being beaten, plaintiff Barry Gilfand did not know that the individuals involved in the alleged beating were police officers. **Transcript of Deposition of Barry Gilfand, dated February 23, 2009 (Exh. E) at 208.**

18. During the time inside the bar when plaintiffs allegedly were being beaten, plaintiff Scott Lowrance did not know that the individuals involved in the alleged beating were police officers. **Transcript of Deposition of Scott Lowrance, dated September 5, 2008 (Exh. J) at 309.**

4

19. During the time inside the bar when plaintiffs allegedly were being beaten, plaintiff Adam Mastrucci did not know that the individuals involved in the alleged beating were police officers. **Transcript of Deposition of Adam Mastrucci, dated September 3, 2008 (Exh. K) at 135, 235-36.**

20. During the time inside the bar when plaintiffs allegedly were being beaten, plaintiff Scott Lowrance did not see any of the off-duty officers carrying any guns or weapons. **Transcript of Deposition of Scott Lowrance, dated September 5, 2008 (Exh. J) at 223.**

21. In their answer to plaintiffs' Second Amended Complaint, defendants Planey, Barnes, Dereakes, Matthews, Woosley, and Padilla denied that at the time of their encounter with plaintiffs, they were acting while in the scope of their employment. **Defendants' Answer to Plaintiffs' Second Amended Complaint at Law (Exh. L) ¶ 4 (answer)**

        Respectfully submitted,

        MARA S. GEORGES
        Corporation Counsel of the City of Chicago

BY:   **/s/ MATTHEW A. HURD**
        Deputy Corporation Counsel
        Attorney for Defendant City of Chicago

        **/s/ GEORGE J. YAMIN, JR.**
        Special Litigation Counsel
        Attorney for Defendant City of Chicago

30 North LaSalle Street - Suite 1720
Chicago, Illinois 60602
(312) 742-0234/744-0454
Atty. Nos. 06191532/06217483

        **/s/ JORDAN E. MARSH**
        Special Litigation Counsel
        Attorney for On-Duty Defendants

30 North LaSalle Street - Suite 1720
Chicago, Illinois 60602
(312) 744-8362
Atty. No. 06216489