## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2566 | **DATE** | 10/31/2011 |
| **CASE TITLE** | Gilfand, et al. vs. Planey, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons described below, Defendant City of Chicago's Motion to Reconsider Denial of its Motion for Summary Judgment [# 321] is DENIED.

■[ For further details see text below.]  Notices mailed by Judicial staff.

### STATEMENT

Defendant City of Chicago has asked this Court to reconsider its denial of the City's Motion for Summary Judgment on Plaintiffs' *Monell* claims. The City's motion is denied.

### I. INTRODUCTION

After a summary judgment ruling, a party may bring a motion to reconsider in order to correct errors of law or fact, or to address newly discovered evidence. A motion to reconsider is appropriate where the Court has failed to recognize a controlling precedent. *See Narbaiz v. TCF Financial Corp.*, No. 08 C 17, 2009 WL 1346246, *1 (N.D. Ill. May 8, 2009).

As noted in the Court's summary judgment ruling, Plaintiffs must demonstrate three things to maintain their *Monell* claims against the City. Plaintiffs must show (1) a deprivation of a federal right (2) proximately caused by (3) the City's express policy, widespread custom, or deliberate indifference. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978). As the final policy-making authority for the City, the City Council's actions, or lack thereof, determine whether the City was deliberately indifferent. *See Auriemma v. Rice*, 957 F.2d 397, 400 (7th Cir.1992). In moving for summary judgment, the City conceded that a genuine issue exists as to whether it has a policy and practice of failing to properly investigate off-duty officers who use excessive force. This Court then found that genuine issues of material fact also exists as to: whether Plaintiffs suffered a constitutional violation; whether the City Council was deliberately indifferent to the issue of off-duty excessive force; and whether that alleged indifference was the proximate cause of Plaintiffs' injuries.

### II. DISCUSSION

The City claims that this Court ignored the binding authority of *Wilson v. Chicago,* 6 F.3d 1223 (7th Cir. 1993), in denying summary judgment as to whether the City Council was deliberately indifferent. However,

## STATEMENT

the City reads *Wilson* for more than it says, as though it means that any action, even mere lip service, precludes liability under *Monell*. Rather, under *Wilson* — as under other Seventh Circuit and Supreme Court authority — the question remains whether Plaintiffs can show that the City Council acquiesced in the practice of excessive force by off-duty officers, either by its actions or the "conscious disregard for the consequences" of its inactions. *Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997)

In *Wilson,* the Plaintiff alleged that Chicago had a policy of allowing police officers to torture people suspected of killing other officers. In that case, the Superintendent of Police had been designated the City's final policy-maker. He had taken complaints of torture and forwarded them to the appropriate investigatory division; that division had done nothing. Concerned that he might endanger Wilson's prosecution, the Superintendent took no further action. The court specifically noted that "[i]t was the plaintiff's responsibility to show that in [referring complaints to the appropriate unit, the Superintendent] was not acting in good faith to extirpate the practice [of torturing suspects]." 6 F.3d at 1240. That is to say, the *Wilson* court phrased the deliberate indifference inquiry as one of the Superintendent's good faith, and whether his conduct raised an inference that he wished the practice to continue.

The City relies on two primary facts to show that the City Council was not deliberately indifferent. The first is the ratification of a 2002 collective bargaining agreement with the Fraternal Order of Police, which allows the City to retain files on prior excessive force complaints for use in later investigations. The second is what the City describes as the Office of Professional Standards' "sustained, good faith efforts to design and implement investigative procedures — in particular… pattern analysis" to address the problem. Given these facts, the City claims, the City Council cannot be found deliberately indifferent.

However, this Court cannot simply accept that characterization. On summary judgment, it must construe the available evidence in the light most favorable to the non-moving party — here, Plaintiffs. Contrary to the City's insinuations and selective quotations, this Court did not side with Plaintiffs and find that the City was deliberately indifferent. Instead, the Court described the proffered evidence and concluded that Plaintiffs had identified a genuine question as to whether the City took good faith steps to deal with the problem, or deliberately adhered to a dysfunctional "solution." *Cf. Brown*, 520 U.S. at 407 (continued adherence to a failed policy could constitute deliberate indifference). The Court did not, and in light of the conflicting evidence could not, resolve that factual issue on summary judgment.

Certainly, if the City Council knew of a problem and genuinely undertook to remedy it, the mere fact that its efforts have not been entirely (or even largely) successful would not open the city to liability under *Monell*. Whether or not it did so, however, is precisely the question posed by *Wilson*, and is a hotly contested fact for the jury in this case.

Thus, this Court did not ignore binding Seventh Circuit precedent. It applied the governing law and found a triable question as to whether the City Council was deliberately indifferent. Finally, it bears noting that on similar facts (despite the City's attempts to distinguish), several other district courts have reached the same conclusion. *See, e.g., Johnson v. Chicago*, No. 05 C 6545, 2009 WL 1657547 (N. D. Ill. June 9, 2009).

### III. CONCLUSION

For the foregoing reasons, the City's motion for reconsideration is DENIED.