IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BARRY GILFAND, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | 07 C 2566 |
| v. | ) | |
| | ) | Judge Leinenweber |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION *IN LIMINE* NO. 1 TO BAR CERTAIN TESTIMONY OF PLAINTIFFS' EXPERT WITNESS DENNIS WALLER**

Defendant City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel, moves *in limine* to bar Plaintiffs from offering certain testimony and from making certain arguments at trial based on the opinions of its retained expert witness, Dennis Waller. In support of its motion, the City states as follows:

**Introduction**

Plaintiffs have retained Dennis Waller as an expert witness on police procedures. *See Gilfand v. Planey*, 2011 WL 4036110, at *10 (N.D. Ill. 2011). In preparation for the trial, Waller reviewed 94 Complaint Register ("CR") files with allegations of excessive force by off-duty Chicago Police Officers from 2003 through 2006. *Id.* Additionally, Waller was provided with 87 CR files relating to misconduct allegations against the Defendant Officers in this case. *Id.*

On August 23, 2010, the City moved to strike certain portions of Waller's written report and to bar testimony on subjects thereby excluded. (Dkt. No. 198.) The City moved to strike Section A of Waller's report, wherein he opined that the City has been on notice that its system

1

for investigating and disciplining police misconduct is inefficient and ineffectual. *Id.* In its ruling on the City's motion, this Court struck Section A of Waller's report in its entirety because Waller is not qualified as an expert on the City Council's procedures and communications. *See* Transcript of Proceedings for Oct. 26, 2010 (ruling on City's Motion to Strike Portions of Plaintiffs' Expert Written Report) (attached as Ex. A) at 5-6.

Additionally, this Court issued several rulings related to *Garcia v. City of Chicago*, in which Waller was also retained as an expert witness by the Plaintiffs' counsel. *Garcia*, 2003 WL 22175618, at *1 (N.D. Ill. 2003). In *Garcia*, a jury returned a verdict against the City finding that the plaintiffs' injuries were caused by the City's custom and practice of not adequately investigating, disciplining, or prosecuting off-duty Chicago police officers who use excessive force against citizens. *Id*. Here, the Court ordered that the language of Section B of Waller's report be modified to remove assertions that *Garcia* placed the City on notice that its "internal investigation system was inadequate, ineffectual, and encouraged or condones officer misconduct." *See* Ex. A at 6. The Court explained that "Waller does not qualify as an expert on the inner-workings of Chicago City government or communications." *Id*. In addition, this Court ordered that Waller revise Section B of his report to remove any assertion that *Garcia* established certain "factual findings." *Id.* at 6-7. Additionally, Waller was found not to be qualified to offer expert testimony on legal conclusions such as those contained in Section B of his report. *Id.* at 6.

As to the final section of Waller's report, this Court denied the City's motion to strike Section C.1 (other than C.1.a.) of Waller's report, in which Waller concluded that "pattern analysis used by the Chicago Police from the 2003 *Garcia* decision to December 15, 2006, had little or no effect on its internal investigation and discipline process." *Id.* at 7.

2

Finally, this Court also denied the City's motion to bar Waller from offering any deposition or trial testimony on the stricken portions of his expert report as premature. *Id.* at 8. The Court concluded that in regard to Waller's deposition, the City should make any objections at the time of the examination to preserve the record. *Id.* Further, this Court held that the City should raise any objections related to trial testimony in a motion *in limine*. *Id.*

### **Legal Standard**

Federal Rule of Evidence 702 provides that a qualified expert witness may testify within the scope of his or her expertise as it relates to a case if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702. Rule 702, which adopts the analysis of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), allows the court to ensure that expert testimony is both relevant and reliable. *See Bielskis v. Louisville Ladder, Inc.*, 663 F. 3d 887, 893 (7th Cir. 2011). To determine whether expert testimony would assist a trier of fact to understand the evidence, the court must consider whether the testimony concerns a matter beyond the understanding of an average person. *See United States v. Allen*, 390 F.3d 944, 949-950 (7th Cir. 2004).

In ruling on motions *in limine*, the judge performs a gatekeeping function by eliminating "from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *See Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). Further, the use of motions *in limine* "sharpens the focus of later trial proceedings and permits the parties to focus their

preparation on those matters that will be considered by the jury." *Id.* The proponent has the burden of establishing that the expert's testimony would satisfy the *Daubert* standard by a preponderance of the evidence. *See Lewis v. CITGO Petroleum Corp.*, 561 F. 3d 698, 705 (7th Cir. 2009).

## Argument

### I. Testimony related to the stricken portions of Dennis Waller's expert report

#### A. Testimony related to the City Council's conduct

In accordance with the Court's ruling on the City's motion to strike portions of Plaintiffs' expert written report, Waller should be barred from offering any testimony as to the City Council's conduct, including its operation, procedures, or communications. *See* Ex. A at 5. Specifically, Waller opined in his report that certain events placed the City Council on notice that its "investigation and discipline system . . . is inefficient and ineffectual." (Waller Report at 4.)[1] As noted above, the Court held that under Rule 702 and *Daubert*, Waller's testimony on these subjects lacked reliability because he is not qualified as an expert on these matters. *See* Ex. A at 5. In doing so, the Court noted that Plaintiffs "cannot cloak Waller as an expert in this realm for the mere sake of judicial efficiency" and that they "must find another way to present this information to the jury." *Id.* at 6.

Accordingly, the City requests that the Court bar Waller from offering any testimony regarding the City Council's conduct and activities, including but not limited to any proposed or enacted resolutions, ordinances, or amendments to the Municipal Code of Chicago; City Council hearings; the contract negotiations between the City and the Fraternal Order of the Police (FOP);

---

[1] Waller's report is attached as Ex. B.

and any iteration of the contractual agreement between the City and the FOP. Again, Waller does not have any specialized training or experience relating to the operations of the City Council or municipal governments generally. Thus, his opinions on these matters would not assist a trier of fact in understanding the evidence. *See United States v. Hall*, 93 F. 3d 1337, 1342 (7th Cir. 1996) (stating that in determining the inadmissibility of expert testimony, "the ultimate test is whether the testimony would assist the trier of fact in understanding the evidence"). Therefore, Waller should be barred at trial from opining as to any of the City Council's actions.

      B.    **Testimony offering legal opinions**

In addition, this Court held that Waller's report may not contain any statements that *Garcia v. City of Chicago* placed the City on notice that its investigation system was deficient or that it established certain "factual findings." *See* Ex. A at 6-7. The Court explained that "Waller could not offer expert testimony on such a legal conclusion." *Id.* at 6. Here, Plaintiffs are attempting to establish the "deliberate indifference" prong of the test for municipal liability under Section 1983 by having Waller opine that the City Council "had actual or constructive notice" that the City's policies or practices are "likely to result in constitutional violations." *Roach v. City of Evansvile*, 111 F. 3d 544, 549 (7th Cir. 1997) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). When an expert witness offers testimony related to legal principles, he "undertakes to tell the jury what conclusion to reach, and thus attempts to substitute the expert's judgment for the jury's." *Davis v. Duran*, 277 F.R.D. 362, 371 (N.D. Ill. 2011) (internal citations omitted). Yet this is improper, as it is the role of the trial judge to instruct the jury as to the applicable law, not any party's expert. *Id.*

Furthermore, Plaintiffs' reliance on the findings of *Garcia* is inadmissible under Federal

5

Rule of Evidence 403 because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Plaintiffs should be required to prove the elements of their case independently of any prior jury verdict. By offering testimony through their expert witness that a jury in another case concluded that the City has a practice of not adequately investigating or disciplining off-duty officers that use excessive force against its citizens, Plaintiffs are attempting to usurp the fact-finding function of the jury. *See Minasian v. Standard Charted Bank, PLC*, 109 F. 3d 1212, 1216 (7th Cir. 1997) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process."). Thus, the City requests that this Court bar Waller from making any references to *Garcia v. City of Chicago* or offering any testimony that *Garcia* placed the City Council on notice of any deficient policies or practice or that it established any factual findings.

Similarly, this Court should bar Waller from opining as to whether any of the officers involved in the incident were acting "within the scope of their employment" or "under color of state law." *See Hallett v. Richmond*, 2009 WL 5125628, at *2 (N.D. Ill. 2009) (holding that Dennis Waller's opinions on scope of employment and color of law are inadmissible). This issue is in dispute regarding the off-duty Defendant Officers and the jury must make its determination without improper influence from Plaintiffs' expert.

## II. Opinions related to portions of Dennis Waller's expert report that were not the subject of the City's motion to strike

### A. Opinions related to the CR files produced by the City in the *Garcia* case

In *Garcia v. City of Chicago*, the City produced 72 CR files involving allegations of misconduct by off-duty police officers for the period from August 1, 1999 through June 2001

6

("the *Garcia* CR files"), which were reviewed by Waller. *Garcia*, 2003 WL 22175618, at *2 (N.D. Ill. 2003). Here, Waller reviewed 94 CR files involving allegations of similar incidents occurring from 2003 through December 2006. *Id.* at 10.

Waller may attempt to testify at trial regarding the *Garcia* CR files in order to establish that the City has a pervasive and long-standing practice of conducting flawed investigations and failing to discipline officers involved in incidents of off-duty excessive force. However, the CR files involving incidents that occurred from 1999 through 2001 are too far removed from the date of the incident in the present case -- December 15, 2006 -- to have any relevance to the City's policies or practices as of this date. Moreover, Waller has not reviewed any CR files involving incidents from 2001 through 2003. This omission weakens any argument that Waller could make regarding the continuity of the City's policies or practices. Therefore, any testimony regarding the *Garcia* CR files is barred under Federal Rule of Evidence 401. Moreover, Waller can testify at trial regarding the 94 CR files produced by the City involving incidents that allegedly occurred in the four years immediately preceding the incident in this case. The City has agreed not to challenge the statistical reliability of this sample. Thus, to the extent that the *Garcia* CR files have any probative value in relation to the issues in this case, their value is substantially outweighed by the danger of needless presentation of cumulative evidence. *See* Fed. R. Evid. 403. Accordingly, for the reasons stated above, this Court should bar Waller from offering at trial any opinions related to the *Garcia* CR files.

**B.     Opinions related to the two CR files associated with the underlying incident**

This Court should bar Waller from testifying about the two CR files related to the investigation of the underlying incident, specifically, CR 1002796 and CR1002011. Under

Federal Rule of Civil Procedure 26(a)(2), an expert report must contain a complete statement of all of the witness's opinions and reasoning for them. *See* Fed. R. Civ. P. 26(a)(2). In addition, Rule 26(a)(2) requires that the expert disclose any facts or data that he considered in rendering his opinions. *Id.* Federal Rule of Civil Procedure 37(c)(1) requires that testimony that is not in compliance with Rule 26(a)(2) be excluded at trial unless such noncompliance was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Here, in his report, Waller lists these files in his "materials reviewed section"; however, in the body of his report, he offers no opinions as to the quality of these investigations. *See, e.g.,* Waller Report at 10-12. His only mention of these two CR files is that they "have remained unresolved since they were reported in December of 2006 and January 2007 respectively" (*id.* at 12), yet Waller has not articulated an opinion as to why such a delay was inappropriate under the circumstances.

In *Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 715 F. Supp. 2d 827 (N.D. Ill. 2010), the court granted a motion *in limine* seeking to exclude expert testimony on a certain subject matter at trial where the expert failed to satisfy the disclosure requirements of Rule 26(a)(2). Specifically, in his report, the expert witness merely offered conclusory opinions about the subject without fleshing out his reasoning to support his conclusions. *Id.* at 829. The court noted that Rule 26(a)(2) calls for the reports of expert witnesses to be self-contained to allow the opposing party to "rely on its contents without any need to depose the witness." *Id.* at 828-830. Further, the court concluded that such expert testimony should be barred because the witness "has contributed nothing at all by way of analysis" and "a lay juror could readily reach the same conclusion without outside help." *Id.* at 830.

In this case, the City would be unfairly prejudiced if Waller were permitted to testify as to

the content of these two CR files when he has not even indicated what his opinions are on these CR files or his basis for them. *See Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 2012 WL 13512, at *4-6 (N.D. Ill. 2012) (noting that an expert report must contain all facts or data that were considered rather than just those facts or data that support the expert's conclusion because the opposing party must have a reasonable opportunity to prepare for effective cross-examination). Thus, Waller's opinion testimony regarding CR 1002796 and CR 1002011 should be excluded at trial due to his failure to comply with Rule 26(a)(2).

        C.        **Opinions related to the 87 CR files for which Dennis Waller has not offered an opinion**

Waller states in his expert report that he reviewed "87 CR files involving other investigations of the accused Chicago Police officers." (Waller Report at 3.) However, nowhere in his report does Waller offer any opinions about the quality of these investigations or the adequacy of any disciplinary actions arising out of them. Again, Federal Rule of Civil Procedure 26(a)(2) requires that the expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them" in addition to "the facts or data considered by the witness in forming them." *See* Fed. R. Civ. P. 26(a)(2). Although Waller purports to have reviewed these 87 CR files, he has not mentioned them either in his written expert report or in his deposition. As a result, any opinions that Waller may have on these 87 CR files should be excluded at trial. *See Monotype Imaging, Inc. v. Bitstream*, 376 F. Supp. 2d 877 (N.D. Ill. 2005) (holding that an expert witness could not testify at trial on subjects where the expert did not disclose his opinions on those subjects).

9

### D. Opinions that Chicago Police Department Officers generally do not give statements to OPS voluntarily, but only under duress.

In Section C.4 of his expert report, Waller states that "virtually ever CPD officer interviewed for the CRs currently under consideration, whether a witness or accused, stated he/she was not making his/her statement to OPS voluntarily, but under duress." (Waller Report at 4.) As a threshold matter, this statement is a bare assertion rather than an opinion supported by facts or data. *See* Fed R. Evid. 26(a)(2). Accordingly, it should be barred under Federal Rule of Civil Procedure 26(a)(2).

More importantly, in *Garrity v. New Jersey,* 385 U.S. 493 (1967), the Supreme Court held that when a police officer is compelled to testify about an alleged incident of misconduct by the threat of discharge from employment, any testimony that is given cannot be considered voluntary and therefore, such statements cannot be used against the officer in a later criminal proceeding. *Id.* at 497-500. Specifically, the Supreme Court noted that if such statements could be used in a later criminal proceeding, then the officers would have to choose between forfeiting their jobs or incriminating themselves. *Id.* at 497.

Based on *Garrity*, Chicago police officers often assert that their statements made to OPS are not given voluntarily, but are made under duress. Employment attorneys representing officers in police department investigations often advise their clients to make this disclaimer in order to preserve their Fifth Amendment right against self-incrimination. Accordingly, Waller should be barred from offering testimony that any Chicago police officer refused to voluntarily give a statement, and only did so under duress, because such evidence has no bearing on the officer's actual level of cooperation with the investigation of the alleged misconduct.

Furthermore, to the extent that such evidence has any probative value, it is outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

### III. Testimony related to Dennis Waller's Deposition Testimony

#### A. Testimony related to a complainant's or witness's motive or state of mind

Several times during his deposition, Waller opines as to the reasons that a complainant was no longer interested in pursuing a complaint. For example, Waller speculates that a tow truck driver decided not to follow through on his complaint of police misconduct because "the success of his business may depend on the largesse of the Chicago Police Department." (Waller Deposition, dated Nov. 12, 2010, at 41:20-41:24.)[2] Waller also opines that there are "gangs and mobs who intimidate witnesses [of police misconduct] to not testify." (*Id.* at 139:11-139:12.) He elaborates that "the analogy of gangs and mobs is analogous to the behavior of some of the officers reflected here." (*Id.* at 140:10-140:12). Lastly, in reference to a specific CR file, Waller opines "it doesn't surprise me based on how the system functions that the complainant no longer wished to cooperate." (*Id.* at 45:22-45:24.)

This Court should bar Waller from testifying as to the reasons why a complainant decided no longer to pursue his or her complaint or why a witness refused to testify or cooperate with the police. Waller's opinions on these issues are nothing more than speculation. *See Metvante Corp. v. Emigrant Sav. Bank*, 619 F. 3d 748 (7th Cir. 2010) (holding that expert witness testimony may not be based on subjective belief or speculation.) If an expert witness were allowed to testify as to the state of mind of others, "it would effectively allow him to substitute his inferences for those that the trier of fact can and should draw on its own." *Hershey v. Pacific Inv. Management*

---

[2] Excerpts from Waller's deposition are attached as Ex. C.

11

*Co. LLC*, 697 F. Supp. 945, 949-950 (N.D. Ill. 2010) (stating that the court has no reason to believe that the expert's qualifications "affords him the ability to read minds."); *see also Davis*, 277 F.R.D. at 369 (holding that Dennis Waller could not testify as to the motivations of others because experts have "no way of crawling into people's minds.") Therefore, this Court should bar Waller from testifying as to another individual's state of mind, intent, or motivation.

### B. Testimony that the City's investigators should have continued an investigation where the complainant refused to sign a sworn affidavit as required under Illinois state law

In his deposition, Waller criticizes the fact that the City discontinued its investigation of alleged misconduct by an officer after the complainant refused to sign a sworn affidavit. (Waller Dep. at 82:8-82:16.) However, under the Uniform Peace Officers' Disciplinary Act, "anyone filing a complaint against a sworn peace officer must have the complaint supported by a sworn affidavit." 50 ILCS 725/3.8. Further, the Act provides if a complaint is supported by a sworn affidavit containing knowingly false material information, then the matter shall be presented to a State's Attorney for prosecution. *Id.* The purpose of the sworn affidavit requirement is "to discourage complainants from making false or malicious allegations against police officers." *Sherwood v. City of Aurora*, 904 N.E. 2d 632, 639 (2nd Dist. 2009). In this case, Waller's opinions suggest that the City ignored allegations of police misconduct; however, the City was merely complying with Illinois state law. Waller's criticisms are inadmissible under Federal Rule of Evidence 403 because this evidence is unfairly prejudicial and has no probative value in determining whether the City's investigative practices were flawed. *See* Fed. R. Evid. 403. Thus, Waller should be barred from offering an opinion criticizing the City's failure to continue an investigation where the complainant refuses to sign a sworn affidavit.

### C. Testimony outside of the scope of Waller's expertise

In his deposition, Waller offers an opinion as to CR 301639, which involves alleged misconduct by an off-duty police officer. (Waller Dep. at 129:5-129:21.) Two on-duty police officers responded to the incident. (*Id.* at 129:12-129:21.) One of the two responding officers was asked to give a statement approximately four months after the incident occurred. (*Id.* at 136:7-137:16.) In his statement, the responding officer stated that he believed he was not present to witness the alleged incident and that he does not recall it. (Waller Dep. at 129:15-129:17.) Waller opines that "you're giving the officers excuses not to be responsible when five months later they asked if they remembered the incident." (*Id.* at 137:3-137:5.) Further, he opines that if a statement from a witness is taken five months after the incident, then the "memory of the witnesses gets to be remote." (*Id.* at 137:12-137:16.)

Waller should be barred from testifying as to the time period within which a witness's memory of an incident begins to diminish. Waller does not have any education or training in cognitive psychology or neurology. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F. 3d 809, 816 (7th Cir. 2004) (stating that the district judge must determine whether the expert is qualified in the relevant field). The jury is equally competent to draw this inference. Thus, the Court should bar Waller from testifying as to the time period within which witness's memories of events begins to erode.

WHEREFORE, for the foregoing reasons, the City respectfully requests this Honorable Court to enter an order reflecting the barred testimony and for such other and further relief as necessary.

Respectfully Submitted,

/s/ Lindsey Vanorny
Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-0234
Attorney No. 6303642