## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2566 | **DATE** | 5/3/2012 |
| **CASE TITLE** | Gilfand, et al. Vs. Planey, et al. | | |

**DOCKET ENTRY TEXT**

For the following reasons, Defendants' motions in limine are ruled on as follows: DKT nos. 370, 367, 383, 399, are granted in part and denied in part; DKT nos. 361, 400, 401,404, 415 and 419 are denied. DKT nos. 396, 398, 402, 405, 406, 407, 408, 409, 410,411, 412, 413, 414, 416, 438 are granted.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

    Rulings on motions *in limine* are directed to the parties' cases in chief. To the extent that any party believes that the opposing party has opened the door to excluded evidence, or that it is entitled to use excluded evidence as impeachment, that party should approach the bench outside of the hearing of the jury before endeavoring to use that evidence.

    The Court has not been provided with copies of all parties' proposed trial exhibits. Accordingly, the parties are to submit to the Court a revised list of exhibits and witnesses, which conforms to these rulings and includes any objections not addressed by these motions *in limine*. The parties' objections are preserved for the record.

    With that in mind, the Court rules on Defendants' pending motions as follows:

**City's Motion No. 1 [DKT 370]:** granted in part and denied in part. The Court applies its prior ruling on Waller's report to his testimony in this case. He may not offer any expert opinions on the City Council, or legal conclusions. Plaintiffs may introduce otherwise-admissible City Council documents during Waller's testimony, but he may not offer opinions on them. Plaintiffs agree that Waller may not testify to what *Garcia* established, or put the City on notice of. As discussed below, the *Garcia* verdict is admissible to show notice to the City. Any opinions that Waller may offer comparing his conclusions in this case to his conclusions in *Garcia*, however, would use the verdict for more than notice, and usurp the role of the jury in this case. Therefore, such a comparative opinion will not be permitted.

    Because, pursuant to other motions in limine, this Court is excluding any reference to the investigation that followed the incident in this case, Waller is not to offer opinions on those investigations.

    Regarding the 87 CR files pertaining to the Defendant Officers, Plaintiffs appear to concede that Waller will not offer opinions on the specific quality of any of those investigations, but use them only for background in his general opinions. The motion is therefore granted to that extent.

    Plaintiffs agree that Waller will not reference that any officers' statements were made "under duress."

    The parties agree that Waller should not speculate as to why a particular complainant may decline to cooperate. As a police practices expert, however, the Court agrees that Waller may offer some examples of

reasons why witnesses in general refuse to cooperate. This opinion was adequately disclosed at deposition.

The City is incorrect in arguing that state law precludes further investigation absent an affidavit, and that request is denied. The Uniform Officers' Disciplinary Act, by its own terms, does not apply to any officer charged with violating provisions of the criminal code, see 50 ILCS 725/5, or if there is a collective bargaining agreement in place that governs the same subject matter. 50 ILCS 725/6. The FOP CBA provides numerous exceptions to the affidavit requirement. Accordingly, the Court will not strike Waller's criticisms of when such investigations were dropped, at least when those cases fall under one of the CBA exceptions.

As a police practices and investigations expert, Waller is qualified to assess whether or not it is a good investigatory practice to wait several months before interviewing witnesses, thereby risking memory deterioration.

**City's Motion No. 2 [DKT 361]:** denied. Waller may refer to having reviewed deposition testimony, as that is the customary practice of experts in his field. However, Waller may not quote individual depositions, or relate directly what those individuals said in deposition.

**City's Motion No. 3 [DKT 367], Responding Officers' Motion No. 6 [DKT 383], Off-Duty Officers' Motion No. 7 [DKT 407]:** granted. For use in Plaintiffs' case in chief, reference to Police Department General Orders is irrelevant to the constitutional question at issue, and used for the other proffered purposes is insufficiently probative to warrant the risk of confusion and prejudice. To the extent that either party intends to offer such Orders or policies on the *Monell* claim, they should first approach the bench out of the hearing of the jury.

**City's Motion No. 4 [DKT 367], Responding Officers' Motion No. 5 [DKT 383], Barnes & Powers' Motion No. 2 [DKT 398]:** granted. Pursuant to related motions in limine filed by both sides, all references to the criminal or disciplinary proceedings and investigations that arose from this incident are excluded as irrelevant and unduly confusing to the jury.

**City's Motion No. 5 [DKT 367], Responding Officers' Motion No. 4 [DKT 383], Barnes & Powers' Motion No. 1 [DKT 396], Off-Duty Defendants' Motion No. 8 [DKT 408]:** granted by agreement as to other lawsuits; granted over objection as to complaint register files and other disciplinary proceedings. The other CR complaints and files are not identified as being sufficiently similar to this case, nor do Plaintiffs offer sufficient information to allow a jury to conclude that the incidents actually occurred. Finally, the evidence is considerably more prejudicial than probative. Accordingly, it is are barred by Rule 404(b), *Duran v. Town of Cicero*, 653 F.3d 632, 645 (7th Cir. 2011), and Rule 403.

**City's Motion No. 6 [DKT 367], Off-Duty Officers' Motion No. 10 [DKT 410]:** granted. Punitive damages are not available against the City. Accordingly, to the extent that Plaintiffs wish to use other alleged incidents of police misconduct in support of the claim for punitive damages, they are arguing for punitive damages to be awarded against the individual officers based on alleged past harm to non-party victims by non-party officers. Such arguments are an inappropriate basis for punitive damages against the officers, and unnecessarily inflammatory.

**City's Motion No. 7 [DKT 367]:** granted.

**City's Motion No. 8 [DKT 367]:** granted. Although Plaintiffs have identified a non-propensity basis for introducing this information, its probative value is substantially outweighed by the risk of prejudice and it is excluded under Rule 403.

**City's Motion No. 9 [DKT 367]:** granted. The identity of the final policymaker is a question of law for the Court.

**City's Motion No. 10 [DKT 367], Off-Duty Officers' Motion No. 1 [DKT 399]:** granted as to argument that a generalized code of silence exists with regard to all police officers, and the use of the phrases "code of silence" and "blue wall." Denied to the extent that Plaintiffs may probe any bias of these particular officers.

**City's Motion No. 11 [DKT 367]:** granted to the extent that Plaintiffs cannot argue that the City should be punished or sent a message, as punitive damages are not available against the City. As to any argument about

**STATEMENT**

sending a message with punitive damages against the individual officers, Plaintiffs' arguments may track the Seventh Circuit's pattern jury instructions on punitive damages.

**City's Motion No. 12 [DKT 367], Off-Duty Officers' Motion No. 12 [DKT 412]:** granted as irrelevant and needlessly prejudicial.

**City's Motion No. 13 [DKT 367]:** granted by agreement. If Plaintiffs believe that any Defendants have opened the door, they should seek the Court's permission before presenting such testimony.

**City's Motion No. 14 [DKT 367]:** denied. The verdict is relevant to whether the City had notice. *See Disorbo v. Hoy*, 74 Fed.Appx. 101, 103-04 (2d Cir. 2003). Defendants may suggest a limiting instruction.

**City's Motion No. 15 [DKT 419]:** denied.

**Responding Officers' Motion No. 1 [DKT 383]:** denied.

**Responding Officers' Motion No. 2 [DKT 383]:** denied. That information is neither irrelevant nor unduly confusing.

**Responding Officers' Motion No. 3 [DKT 383]:** denied. The fact that there can be no independent claim for failure to investigate does not make the officers' investigation (or lack thereof) irrelevant to the failure to intervene claim. Defendants may suggest a limiting instruction.

**Responding Officers' Motion No. 7 [DKT 383], Off-Duty Defendants' Motion No. 3, 4 [DKT 401, 404]:** denied. This evidence is not irrelevant, speculative, or unfairly prejudicial. It is probative of consciousness of guilt or awareness of wrongdoing.

**Responding Officers' Motion No. 8 [DKT 383]:** granted by agreement.

**Responding Officers' Motion to Join Other Defendants' Motions [DKT 414]:** granted.

**Off-Duty Officers' Motion No. 2 [DKT 400]:** denied. The motion is overbroad, and would exclude relevant evidence of intent and/or consciousness of wrongdoing.

**Off-Duty Officers' Motion No. 5 [DKT 405]:** granted.

**Off-Duty Officers' Motion No. 6 [DKT 406]:** granted. Defendants have until Monday, 5/7/2012 to respond to the motion for sanctions, at which time the Court will determine whether sanctions are appropriate.

**Off-Duty Officers' Motion No. 9 [DKT 409]:** Granted. Any probative value of the information is substantially outweighed by the risk of prejudice.

**Off-Duty Officers' Motion No. 11 [DKT 411]:** granted.

**Off-Duty Officers' Motion No. 13 [DKT 413]:** granted.

**Barnes & Powers' Motion No. 3 [DKT 415]:** denied.

**Barnes & Powers' Motion For Leave to File a Response Under Seal [DKT 438]:** granted.

**Barnes & Powers' Motion to Adopt Responding Officer Defendants' Motions 4-7 [DKT 416]:** granted.

**Barnes & Powers' Motion to Adopt Off-Duty Officers' Motions in Limine 1-8 & 10-13 [DKT 402]:** granted.