IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
_____

| | | |
|---|---|---|
| BARRY GILFAND, AARON GILFAND, ADAM MASTRUCCI, AND SCOTT LOWRANCE | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| SGT. JEFFERY PLANEY, OFFICER GREGORY BARNES, OFFICER DEMETRIOS KEREAKES, OFFICER VINCENT MATTHEWS, OFFICER MATIAS PADILLA, OFFICER PAUL POWERS, OFFICER ERIKA WOOSLEY, SGT. DALE KINGSLEY, OFFICER KENNETH CARLYON, OFFICER FREDERICK COLLINS, OFFICER NICOLE MAYOSKI, OFFICER ANA PINA, OFFICER JESUS ENRIQUEZ, OFFICER MICHAEL HOWE, OFFICER DONALD LUPO, OFFICER GREGORY MORABITO, and THE CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 07 C 2566<br><br>Judge Harry Leinenweber<br><br>Magistrate Judge Keys |
| Defendants. | ) | |

**DEFENDANT OFF-DUTY OFFICERS PAUL POWERS AND GREGORY BARNES' RESPONSE TO PLAINTIFFS' RULE 37(c)(1) MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO DISCLOSE THEIR INTERVIEW STATEMENTS REGARDING THE EVENTS AT ISSUE IN THIS CASE**

Plaintiffs have moved for sanctions against the City of Chicago and the Off-Duty Officer Defendants, including Paul Powers and Gregory Barnes, for Defendants' alleged failure to disclose statements given to investigators from the Independent Police Review Authority ("IPRA"), formerly known as the Office of Professional Standards ("OPS"). *See* Doc #447. This motion should be denied as to Paul Powers because, upon information and belief, counsel produced Powers' IPRA statement to Plaintiffs' counsel on March 26, 2010, the day after Powers gave his statement. The motion should be denied as to Gregory Barnes because another

attorney—not Barnes' current counsel—represented Barnes when he gave his statement to an IPRA investigator. In any case, the City of Chicago produced Barnes' and Powers' IPRA statements to Plaintiffs nearly 3 weeks before trial, and Plaintiffs have not explained how the timing of this disclosure has prejudiced their case.

Upon information and belief, Powers' counsel produced his IPRA statement on March 26, 2010. Although counsel for Paul Powers has been unable to find a copy of the March 26, 2010 transmittal letter, counsel has found a Bates-stamped copy of Powers' IPRA statement (attached as Exhibit A), an entry from the production log indicating that the IPRA statement was produced on March 26, 2010 (Exhibit B), as well as a note from counsel instructing her assistant to "[g]ive a copy [of Powers' IPRA statement] to [a paralegal] and tell her to Bates label and prepare for production to all parties in the civil suit" (Exhibit C).

Gregory Barnes' current counsel did not represent him for purposes of his IPRA investigation, and specifically did not represent him at his IPRA statement on March 9, 2010. Barnes' former attorney, Will Fahy, did. *See* Exhibit D. Barnes' current counsel should not be penalized for Barnes' prior counsel's alleged failure to produce Barnes' IPRA statement.

Furthermore, Plaintiffs have suffered no prejudice. Both Powers' and Barnes' IPRA statements were taken nine months after they both sat for their depositions in June 2009. Plaintiffs therefore were not denied the opportunity to ask Powers and Barnes questions about their IPRA statements during their depositions. Plaintiffs do not explain how receipt of these statements nearly three weeks before trial has prejudiced their case. Instead, they support their assertion (at 2) that "untimeliness is by its nature prejudicial" by citing a case in which defendants waited until three *days* before trial to disclose their experts. *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997).

There is no logical comparison which can be drawn between the issue at bar and the fact scenario in *Miksis*. *Miksis* involved previously undisclosed experts from whom the movant had no opportunity to seek discovery on the eve of trial. Here, Plaintiffs had two years of discovery regarding Barnes and Powers before their extensive depositions. The examination by Plaintiffs' counsel alone in Barnes' deposition was 326 pages out of the 326 pages of total questioning, and for Powers' deposition Plaintiffs' counsel examined the witness for 276 pages out of the 276 pages of total questioning. In addition, Plaintiffs deposed every other off-duty defendant and a host of other fact witnesses who provided detailed information about both Powers and Barnes. And given that Powers and Barnes were called to give statements to IPRA almost one year after their depositions in this case, Plaintiffs cannot claim they were prejudiced by not having the IPRA statements then since they clearly did not exist.

It is quite remarkable that even if Plaintiffs did not receive the Powers IPRA statement that counsel in good faith believe had been produced two years ago, how can there possibly be prejudice when the phalanx of Plaintiffs' counsel and staff who have been working on this matter have now had three weeks to integrate those statements into their trial preparation? The Plaintiffs' reflexive, finger-pointing motion and request for sanctions against officers of the court on this record is beyond specious.

Finally, Defendants would be remiss not to mention Plaintiffs' own untimely disclosure. Plaintiffs issued a subpoena on April 30, 2012 for John Carroll to testify at trial, even though Plaintiffs did not list Mr. Carroll on their witness list in the Parties' Proposed Final Pretrial Order filed April 18, 2012 (Doc #395, at 2-5). *See* Exhibit E. Rather than spend time filing a motion for sanctions, Defendants have revised their trial preparation in light of Plaintiffs' recent

disclosure. Plaintiffs should have done the same and not burdened this Court with yet another motion which has nothing to do with the merits of this case.

WHEREFORE, Defendant Off-Duty Officers Paul Powers and Gregory Barnes respectfully request that the Court deny Plaintiffs' Motion for Sanctions for Defendants' Failure to Disclose Their Interview Statements Regarding the Events at Issue in this Case.

Dated: May 4, 2012                              By:  /s/ Lori E. Lightfoot

*Attorneys for Defendants Powers and Barnes*
Lori E. Lightfoot
Dana S. Douglas
Emily M. Emerson
Aaron Chait
Andrew J. Rima
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600